UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMICA MUTUAL INSURANCE
COMPANY,

    Plaintiff,

v.                                                 Case No.  8:05-cv-1339-T-24 TGW

MARY LUMBRA, ET AL.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Entry of Final Default Judgment (Doc. No. 5) against Defendants Mary Lumbra and Gerald Edward Lumbra.

## I.  Background

Plaintiff filed a complaint for declaratory judgment, rescission, reformation, and to void an automobile insurance policy.  (Doc. No. 1).  In this complaint, Plaintiff alleges that it issued an automobile insurance policy to Defendants Mary Lumbra and Gerald Edward Lumbra, which covered two automobiles, one of which was a 1984 Dodge Ram Charger.  Mary Lumbra indicated to Plaintiff that the Dodge Ram would only be used "for pleasure" and that Gerald Lumbra would not be driving the Dodge Ram, since he did not have a driver's license.  However, on February 23, 2003, Gerald Lumbra drove the Dodge Ram, with Mary Lumbra's permission, and struck and killed Laura Gillette.

Plaintiff filed suit against Mary Lumbra, Gerald Edward Lumbra, and Frederick Mobley (as Personal Representative of the Estate of Laura Gillette).  In the complaint, Plaintiff seeks rescission of the policy, due to Mary Lumbra's material misrepresentations or material omissions

to Plaintiff that Gerald Lumbra would not be driving the Dodge Ram and that it would only be used for pleasure, when in fact Gerald Lumbra was frequently driving the Dodge Ram to and from work.  Plaintiff also seeks to reform the insurance policy to provide that no coverage is available for the accident and that Plaintiff need not defend or indemnify the Lumbras in an action by Frederick Mobley, as Personal Representative of the Estate of Laura Gillette. Additionally, Plaintiff seeks a declaration that the policy is void due to the Lumbras' failure to give timely notice of the accident.

**II.  Motion for Entry of Final Default Judgment**

Plaintiff now moves for entry of final default judgment against Defendants Mary Lumbra and Gerald Lumbra.[1]  However, Plaintiff has not previously moved for the entry of default against the Lumbra defendants, and therefore, default judgment is procedurally inappropriate at this time.  See Green v. Metropolitan Property & Casualty Insurance Co., 1997 WL 560769, at *2 (N.D. Tx. Sept. 2, 1997)(citation omitted).  As such, the Court will construe the motion as a motion for entry of default.

Plaintiff served Mary Lumbra and Gerald Lumbra on July 29, 2005.  (Doc. No. 5, Exs. A, B).  To date, they have failed to file a response to the complaint.  As such, the entry of default is appropriate.

**III.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Plaintiff's Motion for Entry of Final Default Judgment (Doc. No. 5) is

   **GRANTED IN PART AND DENIED IN PART**: The motion is denied to the

---

[1] Plaintiff does not seek the entry of final default judgment against Frederick Mobley.

extent that Plaintiff seeks default judgment; the motion is granted to the extent that the Court construes it as a motion for the entry of default against Defendants Mary Lumbra and Gerald Edward Lumbra.

(2) The Clerk is directed to enter default against Defendants Mary Lumbra and Gerald Edward Lumbra.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of August, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record